UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TREVOR L. JUSTICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 23-3031-CSB |
| | ) |
| ZACH BRYANT, | ) |
| | ) |
| Defendant. | ) |

### ORDER

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court on the Parties' pending motions. As explained more fully below, Defendant Zach Bryant is entitled to summary judgment because Plaintiff Trevor L. Justice has failed to identify a genuine issue of material fact that would preclude summary judgment in Defendant's favor and because Defendant has demonstrated that he is entitled to judgment as a matter of law.

Before turning to Defendant's motion for summary judgment, the Court must address Plaintiff's two pending motions. *First*, Plaintiff asks the Court—for a third time—to extend the deadline for him to file a response to Defendant's motion for summary judgment. Plaintiff asserts that, despite being given six months to file a response, he now needs an additional three months to respond to Defendant's motion for summary judgment because he has not had sufficient time at the prison library where he is incarcerated due to several prison lockdowns. In addition, Plaintiff notes

1

that he has no legal training, and therefore, he needs additional time to research the issues and to formulate his response.

*Second*, Plaintiff has filed a motion in which he has renewed his motion for counsel. Piggybacking on his motion for an extension of time, Plaintiff argues that he needs counsel to represent him in this case because he cannot adequately research the issues involved in this case due to the frequent lockdowns at the prison. In addition, Plaintiff contends that he suffers from severe anxiety, bi-polar depression, and PTDS for which he takes prescription medication. Plaintiff asserts that these conditions and his medication make it nearly impossible for him to litigate this case himself. Accordingly, Plaintiff asks the Court to appoint counsel to represent him in this case.

Plaintiff's motions are denied. As for his motion for additional time to file his response to Defendant's motion for summary judgment, the Court has given Plaintiff six months to file his response. Of course, Plaintiff should have been aware, when he first filed this lawsuit, of the issues raised by Defendant in his summary judgment motion because similar issues were raised during his state court criminal proceeding and in other federal civil rights cases that he has filed. Therefore, Plaintiff could have been conducting research either before or after he filed this suit on February 8, 2023. As such, Plaintiff has had ample time to research the issues involved in this case despite the prison's lockdowns.

As for his renewed motion for counsel, the law is clear that this Court does not possess the authority to require an attorney to accept *pro bono* appointments on civil cases such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). The most that the

Court may do is to ask for volunteer counsel. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)(holding that it is a "fundamental premise that indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court.").

In *Pruitt*, the Seventh Circuit explained that, in deciding whether to recruit counsel for a plaintiff, a district court is to determine: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt*, 503 F.3d at 654–55 (citing *Farmer v. Haas*, 990 F.2d 319, 321–22 (7th Cir. 1993)).

The Seventh Circuit has clarified that a district court may also consider the merits of the plaintiff's claim in determining whether to recruit counsel. *Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022). However, a district court must keep in mind that a *pro se* plaintiff is, generally, unschooled in the law and, therefore, might have difficulty articulating the circumstances that will indicate the merit that might be developed by competent counsel. *Id*.

Defendant is clearly entitled to judgment as a matter of law. Because Plaintiff's claim against Defendant is meritless, there is no need to waste the resources of an ever-shrinking pool of attorneys who are willing to represent prisoner plaintiffs on a voluntary basis. *Watts*, 42 F.4th at 764. And because Plaintiff's claim against Defendant is meritless, recruited counsel would not have made a difference in the outcome of this case. *Pruitt*, 503 F.3d at 659 (noting that the Seventh Circuit will reverse a district court's denial of a motion for counsel only "if there is a *reasonable likelihood* that the presence of

3

counsel would have made a difference in the outcome of the litigation.")(emphasis in original). Therefore, Plaintiff's motions are denied.

Conversely, Defendant's motion for summary judgment is granted. Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Ruiz-Rivera v. Moyer*, 70 F.3d 498, 500-01 (7th Cir. 1995). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.*, 112 F.3d 291, 294 (7th Cir. 1997). "[A] party moving for summary judgment can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1183 (7th Cir. 1993).

Accordingly, the non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue; he must do more than simply show that there is some metaphysical doubt as to the material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 261 (Brennan, J., dissenting) (1986)(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 818 (7th Cir. 1999). Finally, a scintilla of evidence in support of the

non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

Plaintiff filed this lawsuit under 42 U.S.C. § 1983 against Defendant Zach Bryant alleging that Defendant violated his Constitutional rights when Plaintiff was a detainee at the Mason County Jail ("the Jail"). Specifically, Plaintiff alleged that the conditions at the Jail were horrendous. Plaintiff asserted that black mold exists throughout the Jail and that poor ventilation exists as a result. In addition, Plaintiff claimed that the Jail provided inadequate medical, dental, and mental health care to the inmates, including to him. Plaintiff asserted that he made Defendant aware of the unconstitutional conditions at the Jail and of the lack of medical, dental, and mental health counseling at the Jail to which he was entitled, but Defendant did nothing in response.

However, the undisputed evidence shows that, during all relevant times, Defendant Zach Bryant was the duly elected State's Attorney at Mason County, Illinois.[1] As the State's Attorney, Defendant had no authority over or ability to rectify the conditions at the Jail, and he no power to direct the Jail inmates' medical care, dental care, or mental health care. On the contrary, the power to take these actions rests solely with the Mason County Sheriff. 55 ILCS 5/3-6017; *DeGenova v. Sheriff of DuPage County*, 209 F.3d 973, 976 (7th Cir. 2000)("Illinois sheriffs have final policymaking authority over jail operations.").

---

[1] Plaintiff acknowledged during his deposition that Defendant is the Mason County State's Attorney.

Furthermore, "individual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'" *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010)(quoting *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)). Because he was not a Jail employee[2] and because he had no authority with regard to the conditions or medical treatments provided at the Jail, Defendant was not personally involved in any alleged violation of Plaintiff's Constitutional rights. Because he was not personally involved in allegedly violating Plaintiff's Fourteenth Amendment Due Process rights, Defendant is entitled to summary judgment on Plaintiff's conditions-of-confinement claim and on Plaintiff's medical claim.

Finally, Defendant is entitled to summary judgment because he is immune to Plaintiff's claims. Plaintiff alleges that he made Defendant aware that his Constitutional rights were being violated at the Jail by telling Defendant in court and by making that representation in various motions that he filed in his state court criminal proceedings. Plaintiff states that Defendant opposed his motions for release from the Jail or for a transfer, and therefore, Defendant had knowledge of his Constitutional violations and that Defendant is liable to him because Defendant opposed the motions and did nothing to protect him.

But the actions of which Plaintiff complains that were taken by Defendant were taken by Defendant in his role or position as the Mason County State's Attorney. Prosecutors "are absolutely immune for actions they undertake in their capacities as

---

[2] Plaintiff admitted during his deposition that Defendant is not a Jail employee.

6

prosecutors," *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017), and specifically, in using their discretion "in deciding which suits to bring and in conducting them in court." *Conley v. United States*, 5 F.4th 781, 793 (7th Cir. 2021). Therefore, Defendant is immune from Plaintiff's claims.

As for his argument that Defendant had a duty to protect him from the Constitutional violations that he was experiencing at the Jail based upon Illinois Rule of Professional Responsibility 3.8, Plaintiff's argument is incorrect as a matter of law. A lawsuit brought under § 1983 fails to state a claim upon which relief can be granted "without an underlying constitutional violation." *Akbar v. Calumet City*, 632 Fed. Appx. 868, 873 (7th Cir. 2015). Therefore, even if Defendant violated his obligations and duties under Rule 3.8 (which he did not), the Illinois Rules of Professional Responsibility govern an attorney's conduct; "the rule[s] do not create Constitutional rights that are enforceable through a Section 1983 suit." *Montgomery v. Scialla Assocs., Inc.*, 2016 WL 7116585, * 4 (N.D. Ill. Dec. 7, 2016).

**IT IS, THEREFORE, ORDERED:**

    1.    **Plaintiff's renewed motion to request counsel [23] is DENIED.**

    2.    **Plaintiff's third motion for an extension of time [22] is DENIED.**

    3.    **Defendant's motion for summary judgment [18] is GRANTED.**

    4.    **Accordingly, the Clerk of the Court is directed to enter judgment in Defendant's favor and against Plaintiff. All other pending motions are denied as moot, and this case is terminated. All deadlines and settings on the Court's calendar are vacated.**

5. If he wishes to appeal this judgment, Plaintiff must file a notice of appeal with this Court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a)(4).

6. If he wishes to proceed *in forma pauperis* on appeal, Plaintiff's motion for leave to appeal *in forma pauperis* must identify the issues that he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective).

7. If he chooses to appeal, Plaintiff will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.

Entered this 19th day of September, 2024

                                         /s Colin S. Bruce
                                                 COLIN S. BRUCE
                               UNITED STATES DISTRICT JUDGE